IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DEAN STUDIE<br><br>Defendant. | Case No. 20-CR-095-JFH-1 |

## OPINION AND ORDER

In January 2021, Defendant Charles Dean Studie ("Defendant") entered into a written plea agreement in which he pleaded guilty to three counts of an information. Dkt. Nos. 107, 109, 110. As part of the agreement, Defendant waived the right to collaterally attack either his conviction or his sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Dkt. No. 109 at 3. The Court accepted the plea and sentenced Defendant to a total term of imprisonment of 228 months. Dkt. No. 195. Defendant has now filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Dkt. No. 243] ("Motion"), arguing that the two attorneys who represented him provided ineffective assistance of counsel. For the reasons set forth herein, Defendant's Motion is DENIED.

## BACKGROUND

On August 4, 2020, a grand jury issued a multi-count indictment charging Defendant with violations of 21 U.S.C. §§ 846 and 841(b) (Count 1), 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 3), and 21 U.S.C. § 856(a)(1) (Count 4). Dkt. No. 2. CJA attorney Shena Burgess ("Ms. Burgess") was appointed to represent Defendant. Dkt. No. 27.

Defendant initially entered a plea of not guilty [Dkt. No. 24] and Ms. Burgess filed a series of motions concerning the production and admissibility of various categories of evidence in accordance with the Court's scheduling order. *See* Dkt. Nos. 54, 60, 84, 85, 86. 87. 88. 89, 90. Soon after the last such motion was filed, Ms. Burgess advised the Court that Defendant sought to change his plea pursuant to a written plea agreement. Dkt. No. 92.

In the plea agreement, Defendant expressly relinquished numerous rights, including the right to directly appeal his conviction or sentence (except in the case of a sentence exceeding the statutory maximum or ineffective assistance of counsel) and the right to collaterally attack his conviction or sentence on any grounds other than ineffective assistance of counsel. Dkt. No. 109 at 3. Defendant further acknowledged that the Court had sole authority to determine the sentence that would be imposed, and that the Government had not made and would not make any promise or representation regarding the possible sentence Defendant would receive. *Id.* at 15. The Government did, however, conditionally agree to recommend a two-level reduction in offense level pursuant to USSG § 3E1.1, and to file a motion recommending an additional one-level reduction pursuant to USSG § 3E1.1(b). *Id.* at 11-12.

During the change of plea hearing held on January 28, 2021, Defendant entered a plea of guilty on Counts 1, 2, and 3. Dkt. No. 208 at 30-31. Defendant verbally affirmed his waiver of the right to directly appeal or collaterally challenge his conviction or sentence. Dkt. No. 208 at 19-20. He further expressed his understanding that he could face a sentence of up to twenty years imprisonment on Count 1, between five years and life imprisonment on Count 2, and up to ten years imprisonment on Count 3. *Id.* at 14. He confirmed his understanding that the sentence would be imposed by the Court, and that the Court could impose any reasonable sentence at or below the statutory maximum. *Id.* at 17-18. Defendant affirmed that no one had forced or threatened him to

enter a guilty plea, that no one had made any promises of any kind not contained within the written plea of guilty, and that he was pleading guilty of his own free will because he was guilty. *Id.* at 11-12.

After the change of plea hearing, Ms. Burgess sought to withdraw from continued representation of Defendant. Dkt. No. 177. The Court permitted Ms. Burgess to withdraw, and Mr. Lance Phillips ("Mr. Phillips") was appointed to represent Defendant in connection with the sentencing phase of the proceedings. Dkt. No. 179. Defendant was ultimately sentenced to 168 months imprisonment as to Count 1, 60 months imprisonment as to Count 2, and 120 months imprisonment as to Count 3. Dkt. No. 195. Because 28 U.S.C. § 924(c)(1)(D)(ii) mandates that the term of imprisonment for Count 2 run consecutively to the term imposed for Counts 1 and 3, Defendant was sentenced to a total of 228 months imprisonment. *Id.* *See* 28 U.S.C. § 924(c)(1)(D)(ii).

## DISCUSSION

After an unsuccessful appeal, Defendant brought his Motion challenging the performance of both Ms. Burgess and Mr. Phillips, as well as a general challenge to the length of his sentence when compared to those of co-defendants with similar criminal histories. *Id.* at 3-5, 8-14. The Court will address the representation provided by Defendant's counsel before turning to Defendant's challenge to the length of his sentence.

**A. Ineffective Assistance of Counsel**

Defendant argues that both of his attorneys, Ms. Burgess and Mr. Phillips, provided ineffective assistance of counsel for a number of reasons. *See* Dkt. No. 243 at 2-5, 10-14. When reviewing Defendant's contentions, the Court will construe his claims liberally but will stop short of stepping into the role of Defendant's advocate. *See United States v. Guerrero*, 488 F.3d 1313,

1316 (10th Cir. 2007) (recognizing that, if a court can reasonably construe a petition as stating a claim for relief, it should do so). *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (recognizing that it is not proper for a district court to "assume the role of advocate for the pro se litigant"). To demonstrate a right to relief under the two-part inquiry set forth in *Strickland v. Washington*, Defendant must establish that his attorneys' "representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In addition, the Defendant must show that he was prejudiced by his attorneys' deficient performance. *Id.* at 692; *Menzies v. Powell*, 52 F.4th 1178, 1196 (10th Cir. 2022). This Court may address these two prongs of the *Strickland* analysis "in either order and need not address both if the defendant has failed to satisfy one." *Frederick v. Quick*, 79 F.4th 1090, 1105 (10th Cir. 2023).

### 1. Whether Defendant's Counsel Provided Ineffective Assistance

The Court must apply a highly deferential standard when evaluating whether the assistance provided by Defendant's two attorneys was ineffective. *Ellis v. Raemisch*, 872 F.3d 1064, 1083 (10th Cir. 2017). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.'" *Id.* (citations and quotation marks omitted). Defendant must overcome a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . [and] might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and quotation marks omitted). *See also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective (citation and quotation marks omitted)).

Defendant does little to explain why his attorneys fell short of the mark. Although Defendant lists several purported deficiencies in his attorneys' representation, his allegations

4

consist primarily of legal conclusions without factual support. *See, e.g.,* Dkt. No. 243 at 2 (challenging "frivolous motions" without identifying the motions themselves); *id.* at 3 (indicating counsel refused a request to withdraw a plea of guilty without providing information concerning when the request was made); *id.* at 3-4 (challenging counsels' decisions regarding "unconstitutional" waiver without identifying the constitutional deficiency). Although the Court must construe Defendant's arguments liberally, it has no obligation to search for facts that could support a claim for relief. *See Guerrero*, 488 F.3d at 1316. Where, as here, a § 2255 motion is "based merely on conclusory allegations unsupported by specific facts," the first prong of the *Strickland* inquiry cannot be satisfied, and denial of the motion without an evidentiary hearing is the proper course. *United States v. Scott*, 7 F.3d 1046, 1993 WL 389463, *2 (10th Cir. 1993) (citing *Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971)). *See, e.g., United States v. Hall*, 746 F. App'x 773, 776 (10th Cir. 2018) (recognizing that "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255").

The lack of factual support for Defendant's arguments justifies the denial of Defendant's Motion. Nevertheless, the Court will consider the independent grounds for relief raised in Defendant's Motion, beginning with the claim that Ms. Burgess filed frivolous motions that impacted the Government's attitude toward Defendant. Even if all the motions filed by Ms. Burgess are considered,[1] the Court discerns no deficiency in counsel's representation. The Government has acknowledged that the motions filed by Ms. Burgess were reasonable in view of the Court's scheduling order, and the Court's independent review of the motions confirms this to be the case. Dkt. No. 248 at 11. *See* Dkt Nos. 54. 60, 84, 85, 86, 87, 88, 89, 90. Ms. Burgess did not provide ineffective assistance by filing those motions.

---

[1] Defendant has not identified the motions that allegedly caused him injury. Dkt. No. 243 at 2.

Next, Defendant challenges Ms. Burgess' decision to present him with a plea deal within weeks of his wife's death. Dkt. No. 243 at 2. Defendant does not provide details suggesting that Ms. Burgess was in any way responsible for the timing of the offer, which she was obligated to present. *E.g., Missouri v. Frye*, 566 U.S. 134, 149 (2012) (recognizing that the defendant's counsel had an obligation to "make a meaningful attempt to inform the defendant of a written plea offer before the offer expired," and that failure to do so constituted ineffective assistance). But even if Ms. Burgess did control the timing of the offer, there is nothing in the record to suggest that Defendant was pressured or rushed into making his decision. Indeed, the evidence of record is to the contrary. Dkt. No. 208 at 11-12 (acknowledging that Defendant had "an opportunity to read and discuss the plea agreement" with his counsel, and that no one was forcing Defendant to plead guilty).

Defendant further argues that both Ms. Burgess and Mr. Phillips failed to file motions to withdraw Defendant's guilty plea with respect to Count 2. Defendants' attorneys were not obligated to file a meritless motion to withdraw Defendant's guilty plea. *See United States v. Byrum*, 567 F.3d 1255, 1266 (10th Cir. 2009) (finding no irreconcilable conflict between the defendant and his attorney who refused to file a motion to withdraw a guilty plea, as the "motion would have been pointless since the court had already accepted Byrum's guilty plea and nothing supported withdrawal"). And Defendant has not presented any evidence demonstrating that Defendant had a fair and just reason for withdrawal that would have supported the filing of such a motion. *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (recognizing that a guilty plea may be withdrawn where a defendant has established a fair and just reason for requesting the withdrawal, and setting forth seven factors that should be considered when assessing whether a defendant has met this burden). Because Defendant has not pointed to any evidence demonstrating

that his counsel was aware of a factual and legal basis supporting a motion to withdraw, he cannot establish that his attorneys provided ineffective assistance by failing to file such a motion. *E.g., United States v. Viera*, No. CIV.A. 10-2594-KHV, 2011 WL 3420842, at *6 (D. Kan. Aug. 4, 2011), aff'd, 674 F.3d 1214 (10th Cir. 2012) (denying motion for relief under § 2255 where the defendant failed to allege facts demonstrating that his counsel knew of a fair and just reason for withdrawal).

Defendant next contends that, prior to entering into the plea agreement, he was provided with incomplete or inaccurate information concerning the potential sentencing range. Specifically, Defendant asserts that (1) Ms. Burgess incorrectly advised he would be "in a good spot to get less than 10 years" if he accepted the plea; (2) he was not informed that crimes vacated under *McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452 (2020), could be considered by the Court;[2] and (3) he was not informed that dismissed charges and drugs testified to by co-defendants could be considered in connection with sentencing. Dkt. No. 243 at 2-3, 10-11. Defendant's claims are belied by the transcript of the change of plea hearing, which amply establishes that Defendant was aware of both the potential for a life sentence and the factors that could be taken into consideration during sentencing. Dkt. No. 208 at 14 (recognizing that the court could impose a sentence of up to 20 years on Count 1, and up to life imprisonment on Count 2); *id.* at 23 (indicating that Defendant had discussed the role of aggravating facts and factors, including "all relevant conduct

---

[2] Defendant informed the Court of his desire to plead guilty in January 2021, several months after the Supreme Court issued its decision in *McGirt*. One of Defendant's convictions was vacated before the Oklahoma Court of Criminal Appeals held that *McGirt* did not have the effect of retroactively voiding a final conviction. *See State ex rel. Matloff v. Wallace*, 2021 OK CR 21, ¶ 15, 497 P.3d 686, 689, cert. denied sub nom. *Par. v. Oklahoma*, 142 S. Ct. 757, 211 L. Ed. 2d 474 (2022). Counsel did not have the benefit of the *Matloff* decision, which was issued in August of 2021, when advising Defendant as to the risks and benefits of accepting the plea in January of that same year.

associated with [Defendant's] criminal conduct," and that, by waiving his right to a jury trial, Defendant was "waiving the right to have an aggravating fact or sentencing factor submitted to a jury and proven beyond a reasonable doubt").[3] Even if Defendant's claims on this point were supported by the record—and they are not—neither counsel's error regarding the possible sentencing range nor her failure to correctly predict the impact of *McGirt* on Defendant's criminal history category would give rise to a claim of ineffective assistance of counsel. *See United States v. Samuels*, No. 04-CR-0157-CVE, 2009 WL 3756556, at *6 (N.D. Okla. Nov. 6, 2009) (recognizing that "the Tenth Circuit has held that a miscalculation of the guideline range or erroneous estimation of a defendant's sentence by defense counsel is not constitutionally deficient performance rising to the level of ineffective assistance of counsel" (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993))). *See also United States v. Browne*, 65 F. App'x 203, 205 (10th Cir. 2003) (concluding counsel was not ineffective for failing to anticipate change in law).

Defendant also challenges his attorneys' advice with respect to the appellate waiver contained in his plea agreement. Specifically, Defendant contends that Ms. Burgess recommended that Defendant enter into the plea agreement despite the presence of an appeal waiver that "verges on being unconstitutional," and that Mr. Phillips failed to object to the plea based on the inclusion of that waiver. Dkt. No. 243 at 3. Appellate waivers have long been upheld and enforced by federal courts. *E.g.*, *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998)

---

[3] *See also id.* at 16-17 (indicating Defendant had spoken with his counsel regarding how the sentencing guidelines might apply, that the Court could depart from the guidelines, and that the Court would not be able to determine the appropriate guideline range until a presentence report had been completed and the parties had an opportunity to challenge the report); *id.* at 17 (acknowledging that the "sentence imposed may be different from any estimate that [Defendant's] attorney may have given").

(recognizing that a "defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable"). Defendant has provided no evidence or argument in support of his challenge to the constitutionality of the plea agreement, and the Court finds no basis for such a challenge on the record. Because the Defendant has not pointed to any valid grounds for challenging the waiver, he cannot show that his attorneys were constitutionally ineffective by recommending that Defendant enter into the plea agreement containing, or by failing to object to, that waiver.[4] *E.g., United States v. Medina-Tamayo*, No. 19-CR-49-JFH, 2022 WL 2373350, at *4 (E.D. Okla. June 30, 2022) (recognizing that, "[w]here an issue lacks merits, counsel's failure to raise that issue cannot be constitutionally ineffective"). *See also, e.g., United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995), abrogated on other grounds by *Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001).

Defendant's final challenges to Ms. Burgess' representation concern her alleged failure to review discovery with him, and the fact that she "was asked to [withdraw] and was removed from the case." Dkt. No. 243 at 3-4. Defendant does not identify the discovery materials that Ms. Burgess allegedly failed to review with him,[5] nor does he explain how such materials would have altered either his decision to plead guilty, the terms of the plea, or the factual basis for the plea. *United States v. Bragg*, No. CIV-15-470-D, 2018 WL 3059618, at *5 (W.D. Okla. June 20, 2018) (recognizing the importance of reviewing discovery materials with a defendant, but finding no evidence that counsel's purported failure to provide discovery materials to the defendant was

---

[4] Nor has Defendant shown that his counsel provided ineffective assistance by filing an appeal that was barred by that waiver. Dkt. No. 243 at 15.

[5] The Government has submitted an affidavit describing Ms. Burgess' review of discovery with Defendant. Dkt. No. 248-1. The Court need not rely on this evidence in reaching its conclusion that Defendant has failed to establish a factual basis that would justify a hearing.

9

objectively unreasonable). Nor does Defendant explain how Ms. Burgess provided ineffective assistance by withdrawing from the case under the circumstances described in the Sealed Motion to Withdraw. Dkt. No. 177. The facts of record simply do not support a finding that Ms. Burgess provided deficient representation by failing to review discovery with Defendant or discontinuing her representation.

Defendant's remaining challenges all concern the representation provided by Mr. Phillips. Defendant asserts that Mr. Phillips failed to raise "multiple mitigating factors" during the sentencing proceedings, but provides little explanation as to the mitigating factors that his attorney failed to raise. To the extent Defendant argues that his attorney failed to discuss Defendant's personal history of physical, mental and sexual abuse in the sentencing memorandum,[6] Defendant's argument is contradicted by the record. Mr. Phillips notified the Court of Defendant's physical ailments, his history of substance abuse beginning at age five, his struggles with mental illness, his tumultuous experience as a child who was raised by a mother addicted to drugs, his spent time in foster care, and his experience with his abusive grandparents. Dkt. No. 182 at 4-5. To the extent Defendant argues that his counsel should have asked the Court to consider "lack of action" and "lack of physical possession" when determining the appropriate sentence,[7] Defendant has failed to set forth facts suggesting that his attorney acted improperly—let alone unreasonably—when he declined to make such an argument. Defendant admitted that he and two co-conspirators "conspired to possess with intent to distribute methamphetamine," and that he

---

[6] Defendant generally challenges his counsel's alleged failure to raise "multiple mitigating factors," but does not specify what those factors are. Dkt. No. 243 at 3. The Court construes Defendant's arguments on page 13 of his Motion as providing the details pertinent to this challenge. *Id.* at 13.

[7] Dkt. No. 243 at 13.

personally "possessed . . . during the course of distribution of methamphetamine, handguns and ammunition after being previously convicted" of a felony. Dkt. No. 208 at 28. The Court also heard evidence that methamphetamine, weapons, and ammunition were found in Defendant's residence, and that the weapons were known to belong to Defendant. *Id.* at 29. Defendant has not presented any argument or evidence demonstrating that, notwithstanding Defendant's admissions, Mr. Phillips should have argued for a reduced sentence based on Defendant's role in the offense or his lack of action, or that it was unreasonable for Mr. Phillips not to do so.

Defendant takes issue with Mr. Phillips' purported failure to raise certain objections to the sentence imposed by the Court. Dkt. No. 243 at 4. Once again, Defendant's Motion lacks detail concerning both the nature and timing of those objections, but it appears that Defendant believes his counsel should have challenged (a) the purity of the drugs at issue, and (b) the introduction of purportedly false statements. *Id.* at 3-6. But Defendant does not set forth facts that would have supported a challenge to the purity of the drugs, particularly where the search of Defendant's apartment resulted in the discovery of 89 grams of 96% pure methamphetamine.[8] Nor does he identify the false statements that his attorney should have objected to, the reasons his attorney should have known those statements to be false, or the basis for challenging the validity of out-of-court statements that were facially consistent with Defendant's own admissions regarding his involvement in the charged conduct. Absent such facts, he cannot show that his attorney provided ineffective assistance in failing raise either of these issues in the sentencing proceedings.

Defendant next contends that Mr. Phillips should have challenged the factual basis for treating Count 1 (violation of 21 U.S.C. §§ 846 and 841(b)(1)(C)) as a predicate offense for Count 2 (violation of 18 U.S.C. § 924(c)(1)(A)(i)). Defendant's counsel did not provide ineffective

---

[8] *See* Dkt. No. 189 at 3.

assistance in failing to raise this argument, as an individual violates § 924(c)(1)(A)(i) by using or carrying a firearm in connection with "any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A)(i). The term "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq.," and a violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) falls squarely within that definition. 18 U.S.C. § 924(c)(2). *See United States v. Renteria*, 720 F.3d 1245, 1256 (10th Cir. 2013) (concluding that both (a) conspiracy to traffic methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and (b) possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) are predicate offenses that support a charge under 18 U.S.C. § 924(c)). Defendant's counsel did not provide ineffective assistance in failing to argue otherwise.

Defendant's argument that his attorney should have challenged the constitutionality of 18 U.S.C. § 922(g) is likewise without merit. The Tenth Circuit has rejected the argument that § 922(g) violates the Second Amendment. *See United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012) ("soundly reject[ing]" the argument that "§ 922(g) is "unconstitutional in its prohibition of felons possessing firearms"). *See also United States v. Coombes*, 629 F. Supp. 3d 1149 (N.D. Okla. 2022) (denying motion to dismiss indictment which challenged constitutionality of § 922(g)). There is, therefore, no evidence that counsel's failure to challenge the constitutionality of that statute was manifestly unreasonable.

Defendant similarly fails to establish that counsel was ineffective for failing to argue that the introduction of certain statements constituted a violation of the Confrontation Clause. The "constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." *United States v. Sadler*, 642 F. App'x 834, 845 (10th Cir. 2016) (citations and quotation marks omitted). Counsel's purported failure to challenge the use of

unconfronted testimony did not constitute ineffective assistance; to the contrary, counsel's conduct was consistent with established precedent.

Finally, Defendant argues that Mr. Phillips failed to request that the five-year sentence imposed on Count 2, which runs concurrently to the sentences imposed on Counts 1 and 3, should be taken into account when considering the appropriate sentence. This argument is belied by the record. Mr. Phillips acknowledged that sentence on Count 2 would run consecutively to the sentences imposed on Counts 1 and 3, and simultaneously requested a below-guidelines range of 84 months imprisonment on Counts 1 and 3. Dkt. No. 182 at 8. Although Mr. Phillps did not use the term "aggregate sentence," it is clear from the Sentencing Memorandum and Request for Variance that counsel was requesting a below-guidelines sentence on Counts 1 and 3 so that the total length of imprisonment—rather than the individually imposed sentences—would satisfy the purposes of sentencing. Counsel did not provide ineffective assistance by arguing that a total of 144 months imprisonment would be an appropriate total term of imprisonment. *Id.*

### 2. Prejudice

Even if Defendant could establish that his counsel provided ineffective assistance with respect to any of the conduct set forth in his Motion, his claim would nevertheless fail, as he has not established that he was prejudiced by such conduct. To establish prejudice, Defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, a defendant must show that, but for his attorney's deficient performance, he would not have entered into the guilty plea at all, and would have insisted on proceeding to trial. *See United States v. Dominguez*, 998 F.3d 1094, 1111 (10th Cir. 2021). "[M]ere speculation is not sufficient to satisfy this burden." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

Defendant does little more than speculate. Defendant does not explain, or even allege, that he would have proceeded to trial but for his counsel's alleged errors. He does not explain how Ms. Burgess' alleged failure to review discovery with him impacted his decision to enter into the plea agreement. *See United States v. Harring*, No. 16-CR-24-JED-1, 2018 WL 5114139, at *2 (N.D. Okla. Oct. 19, 2018) (finding that the defendant had failed to establish a claim of ineffective assistance because he had not provided "specific allegations concerning how further investigation would have led defense counsel to change his recommendation as to the plea"). He does not allege that, but for counsel's failings, he would have insisted on going to trial. *United States v. Smith*, No. CR 12-20066-32-KHV, 2016 WL 2958454, at *4 (D. Kan. May 23, 2016) (finding no prejudice where the defendant had not shown that, "but for counsel's errors, he would not have pled guilty and would have insisted on going to trial"). He does not argue that any pressure he felt or misunderstandings he had were not resolved by the pre-trial hearing, where he expressly acknowledged his guilt and his understanding of the factors that would be considered by the Court when imposing a sentence. Dkt. No. 11-14, 28. *See United States v. Kellum*, No. 01-CV-41-H, 2001 WL 37130016, at *4 (N.D. Okla. May 3, 2001) (finding that the defendant's "mere allegations of prejudice" were insufficient to satisfy the *Strickland* standard in view of the defendant's plea, affirmations, and written representations).[9] Nor does he explain how the outcome of the proceedings would have been different if his counsel had raised the objections,

---

[9] *United States v. Hill*, No. 10-CR-165-GKF, 2014 WL 11906586, at *3 (N.D. Okla. Dec. 15, 2014) (finding that the defendant's "statements to the court demonstrate that he understood the consequences of his plea and thus suffered no prejudice as a result of any alleged ineffective assistance in failing to advise him that his sentence could exceed 71 months").

arguments, challenges, and facts that Defendant claims they had an obligation to raise.[10] *See United States v. Ewell*, No. 19-CR-0173-001-CVE, 2021 WL 6091794, at *5 (N.D. Okla. Dec. 23, 2021) (denying relief where the defendant merely alleged that his attorney should have filed various motions, but did not show that the motions would have impacted the proceedings or resulted in any relief to the defendant). In sum, Defendant has not provided any evidence or argument to suggest that the outcome of the underlying proceedings would have been different absent the allegedly deficient representation described in his Motion. Absent such a showing, Defendant cannot satisfy the second *Strickland* prong, and Defendant is not entitled to relief under § 2255.

### B. Length of Sentence

Finally, the Court turns to Defendant's argument that his sentence was disproportionately long. Unlike Defendant's other claims, this argument does not directly challenge the effectiveness of Defendant's counsel, and therefore falls within the scope of Defendant's waiver of his right to collaterally attack his sentence. A waiver such as this may be enforced so long as it is expressly set forth in the plea agreement, is made knowingly and voluntarily, and will not result in a miscarriage of justice if enforced. *See United States v. Cockerham*, 237 F.3d 1179, 1183, 1187 (10th Cir. 2001) (recognizing that, while claims of ineffective assistance of counsel cannot be waived, collateral attacks "falling outside that category are waivable").

Here, Defendant expressly waived his right to appeal or raise a collateral challenge the length of his sentence. Dkt. No. 109 at 3. *See United States v. Vasquez-Alvarez*, No. 21-CR-0017-CVE, 2023 WL 1481434, at *5 (N.D. Okla. Feb. 2, 2023) (holding that the defendant's challenge

---

[10] As noted in Section A(1), *supra*, counsel did raise several of the issues noted by Defendant, while others lacked merit and were properly omitted.

to the length of his sentence "clearly [fell] within the scope of his post-conviction waiver"). The knowing and voluntary nature of that waiver was confirmed at the change of plea hearing. Dkt. No. 208 at 19-20. *See Vasquez-Alvarez*, 2023 WL 1481434, at *5 (finding waiver voluntary based upon the review of the waiver on the record, together with the defendant's statement that he understood the rights being waived and waived them knowingly and voluntarily). And there are no facts that would permit the Court to conclude that enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (recognizing that enforcing a waiver will give rise to a miscarriage of justice only where the district court relied on an impermissible factor, where counsel provided ineffective assistance in connection with the negotiation of the waiver, the sentence exceeds the statutory maximum, or the waiver is otherwise unlawful). Because the record establishes the knowing and voluntary nature of Defendant's waiver, because Defendant's challenge to the length of his sentence is within the scope of that waiver, and because there is no evidence of record to suggest enforcing the sentence—which is within the advisory sentencing range—would result in a miscarriage of justice, Defendant's challenge to the length of his sentence is barred. *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).

## CONCLUSION

For the reasons set forth above, Defendant is barred from challenging the length of his sentence, and he has failed to demonstrate that his counsel provided ineffective assistance that prejudiced Defendant. Having reviewed the Motion, the files, and the records of this case, the Court concludes that Defendant is not entitled to relief, and that a hearing on Defendant's Motion is unnecessary. 28 U.S.C. § 2255(b). Accordingly, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. No. 243] is DENIED.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Dkt. No. 243] DENIED.

Dated this 2nd day of October 2025.

                                                             JOHN F. HEIL, III
                                                             UNITED STATES DISTRICT JUDGE